## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION NOS. 18-CV-2178 |
| JOHN J. LYNCH, | : | 18-CV-2179 |
| Plaintiff. | : | |

### MEMORANDUM

**JOYNER, J.**                                                    **JUNE  27 ,  2018**

On May 23, 2018, the Court received pleadings from John J. Lynch, a prisoner incarcerated at SCI-Houtzdale, indicating that he sought to both initiate a civil action and remove to this Court certain cases filed in state court. Accordingly, the Court opened two cases, *Lynch v. City of Phila.*, Civ. A. No. 18-2178 (E.D. Pa.), which constitutes Lynch's removal action, and *Lynch v. City of Phila.*, Civ. A. No. 18-2179 (E.D. Pa.), which constitutes Lynch's new civil action. The cases revolve around incidents and altercations with Lynch's former upstairs neighbors, which led to Lynch's eviction, considerable litigation in state court, and Lynch's conviction on several criminal charges.

On May 25, 2018, the Court received a Motion to Proceed *In Forma Pauperis* and a Prisoner Trust Fund Account Statement, which the Court docketed in both cases. For the following reasons, the Court will grant Lynch leave to proceed *in forma pauperis* in both cases, remand the removed cases to state court, and dismiss most of the claims in Lynch's civil action. Lynch will also be given the opportunity to file an amended complaint as to certain of his claims in Civil Action Number 18-2179. The Court will deny Lynch's motion for counsel in the removal action.

### I.    FACTS[1]

---

[1] The following facts are taken from Lynch's pleadings and from public dockets of underlying state court litigation referenced in his filings. Where the dates on the docket

As noted above, Lynch's cases are essentially predicated on disputes with another tenant at the property where he previously lived, his eviction from housing where he was living through the U.S. Department of Housing and Urban Development's VA Supportive Housing Program (HUDVASH), and related litigation in state court. In his Complaint in Civil Action Number 18-2179, Lynch named as Defendants the City of Philadelphia, Seth Williams (the former Philadelphia District Attorney), Matthew White (an employee of the District Attorney's Office), Michael Luongo (an Assistant District Attorney), Detective Kevin Cahill, Frank Hay, Cheryl Marziami, Joseph Zwicharowski (misspelled Zwercharowski), the First Judicial District of Pennsylvania Civil Division, the Judicial District of Pennsylvania Criminal Division, Tiffany Monastro (a court reporter), T. Henry (also a court reporter), and a John Doe defendant. Both of Lynch's cases—the civil action and removal action—reflect his desire to proceed on civil rights claims under the Fair Housing Act and 42 U.S.C. § 1983, as well as on state law claims.

### A. Incidents with Hay and Marziami

The Complaint in 18-2179 describes various incidents with Frank Hay— identified as a "maintenance man/han[d]yman" and a "quasi tenanat [sic]" at the property where Lynch lived—and Cheryl Marziami (also known as Cheryl Weaver), who is identified as Hay's paramour. (Civ. A. No. 18-2179, Compl. ECF No. 1 at 5.)[2] Lynch alleges that between May and November of 2016, Hay repeatedly assaulted, harassed, and abused him. Lynch claims that Marziami would take pictures of the altercations between Lynch and Hay and would participate in the abuse. Lynch filed reports with his HUDVASH case-worker, the Veteran's Administration, the police, and Joseph Zwicharowski, Lynch's landlord at the time. However,

_____

**conflict with the dates in Lynch's Complaint, the Court has used the date on the state court docket.**

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

the police informed Lynch that the incidents with Hay were a matter for the landlord, and Zwicharowski was allegedly "indifferent." (*Id.*)

During one incident on July 8th and/or 9th, Hay and Marziami sent "provocative text messages to [Lynch's] phone while he had company over and about 2:00 a.m. these defendants were pounding on the ceiling." (*Id.* at 6-7.) The text messages allegedly "referred to friend + visitors who were African Americans as crack dealers." (*Id.* at 7.) Two weeks later, Hay allegedly crept up behind Lynch to assault him, but Marziami observed a third party watching and instructed Hay to stop. The Complaint alludes to other incidents with Hay and Marziami, and the Court will not recount all of them here.

Lynch appears to be alleging that Hay and Marziami behaved in this manner in an effort to get him to move or force his eviction, and that they filed over one-hundred false police reports against him. He also contends that "each time [he] called for help the police would go to defendants Hay and Marziami first." (*Id.* at 13.) As these incidents were occurring, Lynch was involved in litigation in state court with Hay, Marziami, and Zwicharowski. Some of the incidents also led to Lynch's arrest, prosecution, and conviction.

**B.**    **Lynch's First Lawsuit Against Hay and Marziami and Additional Incidents**

A review of public dockets reflects that on July 15, 2016, Lynch initiated a lawsuit in equity against Hay and Marziami, and sought an injunction against them. *Lynch v. Hay*, Case No. 160701409 (Phila. Ct. Common Pleas). The docket reflects that the court scheduled a hearing on Lynch's motion for a preliminary injunction for September 2, 2016. Shortly before the hearing, on August 31, 2016, Hay punched Lynch in the face, fracturing Lynch's skull and sending him to the hospital. Lynch reported the incident to police, but found them unhelpful and rude, as they did not do anything about the situation.

On September 6, 2016, the Honorable Abbe Fletman granted Lynch's motion and enjoined Hay and Marziani from "entering . . . Lynch's home without permission" and "assaulting or threatening to assault Mr. Lynch or any visitors to his unit." *Id.* The Judge's order reminded the parties that if they "are able to act politely and stay out of each other's way, living in the same duplex will be more palatable than if the parties continue to battle in the courts and otherwise." *Id.* Unfortunately, the parties were incapable of heeding that advice.

The day after the hearing, Lynch noticed that his garden had been destroyed, which he attributes to Hay. Lynch also believes that Hay sprayed chemicals on the garden because he developed a rash after eating from the garden, which dissipated after he stopped eating from the garden. Lynch also posted a copy of the restraining order on his front door, but the order was subsequently removed by someone and his door was kicked in. As on other occasions, Lynch called the police but nothing was done.

In the civil case, Lynch sought a default judgment based on Hay and Marziani's failure to answer. Although default judgment was entered, the state court later vacated that judgment on Hay and Marziami's petition because it was entered erroneously. Lynch, however, alleges that the petition seeking to vacate the judgment was fraudulent.

In January of 2017, judgment of non pros was entered against Lynch due to his failure to appear at a conference and a hearing. After back-and-forth litigation in the appellate court, Lynch's third appeal was dismissed by the Pennsylvania Superior Court on April 24, 2018 due to his failure to file a brief. *See Lynch v. Hay*, 1968 EDA 2017.

### C.     Lynch Sues Zwicharowski

While the first case was pending, Lynch filed a civil case against Zwicharowski on July 21, 2016 in the Philadelphia Court of Common Pleas, which was docketed as a "personal injury—other" case type.[3] *Lynch v. Zwecharowski*, Case No. 160702062. In his petition for removal, Lynch describes this case as a "complaint for personal injury and breach of implied covenant of warranty of safety security of premises for tortious and actions of non program tenants [presumably a reference to Hay and Marziami]." (Civ. A. No. 18-2178, ECF No. 1 at 2-3.) On January 5, 2017 the state court granted in part and denied in part objections to Lynch's third amended complaint. Specifically, the court "ordered and decreed that all claims for housing discrimination, allegations of recklessness and claims for punitive damages, and all references [to] state farm insurance are stricken from [Lynch's] third amended complaint with prejudice." *Lynch v. Zwecharowski*, Case No. 160702062. On May 22, 2018, the state court entered summary judgment in favor of Zwicharowski.

### D. Zwicharowski Evicts Lynch

On August 10, 2016, Zwicharowski filed an eviction action against Lynch in the Philadelphia Municipal Court's Landlord-Tenant Division. *Zwicharowski v. Lynch*, Case No. LT-16-08-10-3994. Lynch characterizes the lawsuit as a retaliatory eviction in violation of Pennsylvania law. On September 12, 2016, a judgment was entered for Zwicharowski, which granted him possession of the premises on the basis of non-payment of rent.

Lynch appealed to the Philadelphia Court of Common Pleas. *Zwicharowski v. Lynch*, Case No. 160901047. Judge Idee C. Fox issued an order on September 26, 2016 directing Lynch to file an amended appeal, which order Lynch apparently believes was "unlawful" and deprived

---

[3] It appears that at some point, Lynch included Hay and the City of Philadelphia as defendants in an amended pleading. It is not clear because although the Court can access the public docket for Lynch's civil cases, it cannot access the documents filed in those cases.

him of due process. (Civ. A. No. 18-2179 Compl. at 11.) On January 23, 2017, the court found

in favor of Zwicharowski for possession as of January 23, 2017 and for back rent in the amount

of $1,295.00. Lynch alleges that "[d]uring the time of the appeal the defendants Hay, Marziami

and [Zwicharowski] continued to assault, batter, threaten, and tell [him] he had to pack his things

and leave immediately because he was Section Eight Housing, and that he had no rights, and

would continue to be punched out until he left." (*Id.*) Lynch appealed to the Pennsylvania

Superior Court, but his appeal was dismissed *sua sponte* due to his failure to file post-trial

motions. *Zwicharowski v. Lynch*, 450 EDA 2017.

### E.    Lynch's Second Lawsuit Against Hay and Marziami

On September 12, 2016, Lynch filed a civil lawsuit in the Philadelphia Court of

Common Pleas against the City of Philadelphia, Hay, and Marziani. *Lynch v. City of Phila.*,

Case No. 160900957. The case type is listed as "insurance, declaratory judgment." On October

7, 2016, Judge Idee C. Fox dismissed the matter *sua sponte*.

### F.    Lynch is Arrested and Prosecuted

In addition to the above civil litigation, the contentious relationship between Lynch and

Hay led to two criminal proceedings against Lynch arising from incidents with Hay. On

September 26, 2016, Lynch pepper-sprayed Hay while Hay was taking items from Lynch's

porch. Lynch alleges that based on the incident, Detective Kevin Cahill filed an affidavit for his

arrest that allegedly "contained false, and incomplete information and was sub-par, nor did it

take into account defendant Hay's violation of the court's restraining order . . . ." (Civ. A. No.

18-2179, Compl. ECF No. 1 at 15.) Lynch was arrested and arraigned on October 6, 2016, on

charges of simple assault, aggravated assault, and recklessly endangering another person. *See*

*Commonwealth v. Lynch*, MC-51-CR-0028145-2016. After preliminary proceedings, the aggravated assault charge was dismissed and the remaining charges were held for court. *Id.*

On November 28, 2016, another dispute arose between Lynch and Hay stemming from Hay's placement of his trash in Lynch's trash cans. The situation devolved and at some point Hay called 911 to "falsely report that [Lynch] had assaulted and threatened [him] with a gun . . . ." (Civ. A. No. 18-2179, Compl. ECF No. 1 at 17.) Hay and Marziami allegedly "continued their false police reports to the Sgt. Supervisor 'John Doe'" who Lynch contends "[r]ecklessly and in full disregard for [Lynch's] rights" called in a SWAT team. (*Id.* at 17-18.) A member of the SWAT team patted down Lynch and "pulled down his sweat pants [leaving] him standing there naked from the waist down." (*Id.* at 18.) The officers searched the premises but allegedly found no weapons. Nevertheless, Lynch was charged in the Philadelphia Municipal Court the next day with prohibited possession of a firearm, assault, and other charges. *See Commonwealth v. Lynch*, MC-51-CR-0033491-2016.

The two criminal cases were joined together for trial in November 2017 in the Philadelphia Court of Common Pleas. The docket reflects that Michael Luongo of the Philadelphia District Attorney's Office prosecuted the charges on behalf of the Commonwealth. Lynch was found guilty of simple assault in connection with the September 26, 2016 incident, but the reckless endangerment charge in that case was nolle prossed. *See Commonwealth v. Lynch*, CP-51-CR-0000182-2017. Regarding the November 28, 2016 incident, Lynch was found guilty of retaliation, terroristic threats, and simple assault, and found not guilty on intimidation and possession of instrument of a crime. *Commonwealth v. Lynch*, CP-51-CR-0000611-2017. The prohibited possession of a firearm charge was nolle prossed. *Id.* Lynch was sentenced to serve several years in prison, and is currently serving his sentence.

### G. Lynch's Removal Action: Civil Action Number 18-2178

In the removal action, Civil Action Number 18-2178, Lynch states in his "Petition to Remove, and Absore [sic] Fairhousing [sic] Action in the State Court into this Federal Action Pursuant to 42 U.S.C.S. 3613(a)1A and 42 U.S.C. § 1983" that he "respectfully requests that this Federal Tribunal issue a Writ of Pemoual [sic] and assumption upon the State actions in Lynch v. Zwercharowski, Zwwercharouwski [sic] v. Lynch and Lynch v. Hay Et al No.#160702062, 160701409, and 160901047, at Phila. court of common pleas, and Superior Court of Pa. 1968 EDA 2017." (Civ. A. No. 18-2187, Notice of Removal, ECF No. 1 at 3.)  He also filed a Motion for Appointment of Counsel.  However, he failed to file a "a copy of all process, pleadings, and orders served upon [the removing] defendant or defendants in [the underlying] action[s]" as required by the removal statute.  28 U.S.C. § 1446.

Lynch appears to be alleging that jurisdiction is proper in this Court because the state courts have refused to give credence to his Fair Housing Act claims.  Lynch also alleges that this Court "has original, Superior, and exclusive authority and jurisdiction over claims made in violation of the Federal Fair housing act and in civil rights matters, and in the interference with the HUDVASH program under color of state law." (Civ. A. No. 18-2178 ECF No. 1 at 1-2.)

### H. Lynch's Complaint in Civil Action Number 18-2179

As previously mentioned, Lynch's Complaint lists the Fair Housing Act, 42 U.S.C. § 1983, and Pennsylvania law (including landlord-tenant law) as the basis for his claims.[4]  The Complaint is also organized into nine counts.  The first count is titled "source of income and HUDVASH program participation discrimination,"[5] and is essentially based on the altercations

---

[4] The Complaint at times references criminal provisions.  If Lynch sought to bring claims under criminal statutes, his claims fail.

[5] The titles of the counts are taken from the first page of the Complaint.  The titles in the body of the Complaint are similar, but not identical.

with Hay and Marziami, and Zwicharowski's failure to resolve the situation and decision to evict Lynch.  The Court also understands Lynch to be alleging that Zwicharowski violated Pennsylvania law by filing an eviction action in retaliation for Lynch's prior filing of an action based on Zwicharowski's failure to stop Hay and Marziami's behavior.

The second count is entitled "Wrongful and Retaliatory Eviction without Jurisdiction and Due Process of Law in HUDVASH Program Residence Property."  That count is predicated on Lynch's allegations that his rights were violated in various respects by orders entered against him in the eviction action.  Lynch alleges that the judges who entered those orders "knew or reasonably should have known that their actions were clearly, and obviously wrongful acts disposs[ess]ing [Lynch] of his HUDVASH residence . . . ."  (Civ. A. No. 18-2179, Compl. ECF No. 1 at 12.)  He also alleges that all of the Defendants worked together to maliciously prosecute him in an effort to evict him.

Count three of the Complaint—"False Police Reports 'Official Oppression'"—is based on the false police reports allegedly filed by Hay and Marziami in an effort to evict Lynch.  That count in particular focuses on the police reports that led to Lynch's arrest and prosecution in connection with the events of September 26, 2016 and November 28, 2016.  It also includes allegations about the SWAT team that was called in with regard to the latter incident.

Count four of the Complaint—"Malicious Prosecutions"—is based on allegations that individuals at the Philadelphia District Attorney's Office and a police Sergeant conspired with Hay and Marziami to cause Lynch's eviction from his "HUDVASH residence."  (*Id.* at 19.)  In this count, Lynch challenges the two criminal prosecutions initiated against him.  He alleges that "the City of Philadelphia Police Department, Seth Williams and Mathew White had no evidence of a gun and/or probable cause to arrest, detain, and/or prosecute [him] on November 28, 2016."

(*Id.* at 20.)  He also claims that the prosecutor and District Attorney held him on false charges, sought excessive bail, and committed prosecutorial misconduct in various respects.

Count five of the Complaint—"Violation of Plaintiffs VIII Amen. Right against Excessive Bail"—is based on Lynch's allegation that he was unlawfully held on a $500,000 bail at the request of the prosecutor.  In that regard, Lynch contends that "the refusal of the Court of Common Pleas officials in the 1st Judicial District of Pennsylvania on the continuing howling of A.D.A. Michael Luongo Esq. not to reduce the bail was a perpetuation of the violations of [his] VIII Amendment Rights without justification or warrant to do so."  (*Id.* at 21.)

Count six of the Complaint—"Violation of Plaintiffs Right to Effective Assistance of Counsel"—is based on the alleged failure of the state courts to provide Lynch with counsel in light of his claimed violations of the Fair Housing Act.  Lynch alleges that two of the civil actions he filed in state court—Cases 160702062 and 160701409—raised claims under the Fair Housing Act but that "the state courts refused to recognize these obvious violations . . . and also refused to appoint counsel."  (*Id.* at 22.)  Lynch adds that his right to the effective assistance of counsel was violated in connection with his criminal cases.

Count seven of the Complaint—"Violation of Plaintiffs Right to Equal Treatment Under the Law of the State in both Statutory and Common Law and Pursuant to the XIV Amend. of U.S. Const. in both Civil and Criminal Courts"—is again based on Lynch's dissatisfaction with events that occurred in his civil and criminal cases.  In particular, Lynch alleges that Hay and Marziami filed improper petitions to open the default judgment entered against them.  He also indicates that the Judge who dismissed one of his cases for failure to prosecute did so in error.

The remaining counts are predicated on Lynch's alleged wrongful convictions and his allegations of prosecutorial misconduct.  Lynch alleges that "the courts, it's [sic] court reporters,

the defendants Hay & Marziami, prosecutor Michael Luongo Esq., and Philadelphia prison authorities withheld exculpatory evidence from [him] and the counsel at trial." (*Id.* at 26.) In that regard, he contends that his counsel sought to obtain transcripts from his preliminary hearings but that the court reporters and others ignored those efforts. Lynch also contends that all of his convictions were wrongful for various reasons.

As relief in this civil action, Lynch seeks damages and reinstatement of his lease. The damages are apparently intended to compensate Lynch for "pain, suffering, losses in personal property, personal property interest in the HUDVASH residence, injury to his person, and the personal injury the [sic] plaintiffs liberty interest of which was caused by the reckless conduct of the defendants who all acted willfully maliciously and intentionally under the color of the laws of the Commonwealth of Pennsylvania while in the act of officially oppressing, and depriving [Lynch] of his property and liberty, and physical injury, mental and emotional distress of 1 ½ year wrongfully incarcerated." (*Id.* at 29.)

## I.       STANDARD OF REVIEW

The Court grants Lynch leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence these civil actions.[6] Accordingly, the Court is required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Relevant here, that provision requires the Court to dismiss Lynch's Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[6] However, as Lynch is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court must accept plaintiff's factual allegations as true and may consider documents attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Lynch is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.     DISCUSSION

### A.     The Removal Action is Improper

The Court will remand the cases removed by Lynch in Civil Action Number 18-2178 because removal is improper. The removal statute provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As Lynch was the plaintiff in three of the cases he sought to remove—*Lynch v. Hay*, Case No. 160701409, *Lynch v. Hay*, 1968 EDA 2017, and *Lynch v. Zwecharowski*, Case No. 160702062—his removal of those cases is improper because a plaintiff may not remove his own case to federal court. *See Conner v.*

*Salzinger*, 457 F.2d 1241, 1242-43 (3d Cir. 1972) (holding that a district court lacks jurisdiction to entertain a notice of removal filed by a plaintiff).

Lynch's removal of *Zwicharowski v. Lynch*, Case No. 160901047, in which Lynch is named as a defendant, is also improper. A defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). It appears that Lynch is attempting to remove the eviction action filed against him pursuant to state law on the basis the he sought to assert federal defenses. However, "[i]n order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). A defendant's intention to raise federal defenses to the claims against him would not establish a basis for removal. *See Bracken v. Matgouranis*, 296 F.3d 160, 163-64 (3d Cir. 2002). Accordingly, Lynch may not remove the case on that basis.[7]

Lynch may also be seeking to remove his cases pursuant to 28 U.S.C. § 1443(1), which authorizes removal by a defendant of a state law action "[a]gainst any person who is denied or

---

[7] There is also no basis for removal of *Zwicharowski v. Lynch*, Case No. 160901047, pursuant to the Court's diversity jurisdiction, which authorizes jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Furthermore, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it appears that both parties in the underlying state case are Pennsylvania citizens.

cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal under § 1443(1) "requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (internal quotations omitted). "[The] state court defendant must invoke a statute that expressly provides for equal rights stated specifically in terms of racial equality." *Id.* at 1049. Here, Lynch's failure to allege any racial discrimination precludes removal under § 1443(1).[8] *St. James Asssocs. v. Larsen*, 67 F. App'x 684, 686 (3d Cir. 2003) (per curiam) (concluding that removal jurisdiction was lacking over state court action for ejectment against tenant despite alleged violations of Fair Housing Act).

**B.** *Rooker-Feldman* Deprives the Court of Jurisdiction Over Certain Claims

Turning to Lynch's Complaint in Civil Action, 18-2179, the Court lacks jurisdiction over certain of Lynch's claims. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted).

---

[8] Section 1443(2) is also inapplicable here, as Lynch is neither a state nor federal officer. *See Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 689 (3d Cir. 2016) (per curiam).

Several of Lynch's allegations are predicated on allegedly erroneous judgments and orders issued in his state civil cases. Among other things, he alleges that the state judges erred in finding for Zwicharowski in the eviction action and erroneously dismissed one of his cases for failure to prosecute. Lynch also contends that those improper orders violated his constitutional rights. To the extent Lynch is seeking relief in this action for harm caused by the orders or judgments entered against him by the state courts, this Court lacks jurisdiction over his claims.[9]

**C.** Claim Preclusion

Several of Lynch's claims are also barred by claim preclusion. Claims preclusion, also known as *res judicata*, "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014) (quoting *Bd. of Trs. of Trukcing Emps. of N.J. Welfare Fund Inc.-Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)). Federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). In Pennsylvania, claim preclusion precludes an action "where the former and latter suits possess the following common elements: (1) identity of issues; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued." *In re Estate of Plance*, 175 A.3d 249, 270 (Pa. 2017).

As noted above, Lynch filed a complaint against Zwicharowski in state court, *Lynch v. Zwecharowski*, Case No. 160702062, stemming from the same events at issue in this case. In his petition for removal, Lynch describes his case against Zwicharwoski as a "complaint for personal injury and breach of implied covenant of warranty of safety security of premises for

[9] That conclusion appears to dispose of count two in its entirety, as well as portions of other counts that seek relief based on allegedly improper judgments.

tortious and actions of non program tenants [presumably a reference to Hay and Marziami]."
(Civ. A. No. 18-2178, ECF No. 1 at 2-3.)  He also alleges that he raised Fair Housing Act claims
in the state court action against Zwicharowki.  The state court struck the fair housing claims with
prejudice and ultimately entered summary judgment in favor of Zwicharowski.  Accordingly, it
appears from the face of Lynch's Complaint and from public dockets that Lynch's claims against
Zwicharowski are barred by claim preclusion.  Likewise, Lynch raised Fair Housing Act
violations as defenses to the eviction action, (*see* Compl. at 22), which also provides a basis for
concluding that those claims may not be relitigated here.[10]  *See Turner v. Crawford Square
Apartments III, L.P.*, 449 F.3d 542, 549 (3d Cir. 2006) (holding that Fair Housing Act claim was
barred by *res judicata* due to litigation in eviction action where "the underlying events giving
rise to the various legal claims [were] identical because in both actions Turner alleges the same
wrongful refusal of her section 8 vouchers, failure to refer her to social services agencies, and
failure to evaluate her request for accommodation"); *see also Pondexter v. Allegheny Cty. Hous.
Auth.*, 329 F. App'x 347, 350 (3d Cir. 2009) ("To the extent that Pondexter's complaint can be
read to assert a claim against Green Meadows under 42 U.S.C. § 3613, Pondexter could have
raised the claim during the state court proceedings because the claim involved the same factual
predicate, i.e., Green Meadows' allegedly racially discriminatory eviction of Pondexter.").

D.  Fair Housing Act Claims

To the extent Lynch is raising Fair Housing Act claims that are not barred by *Rooker-
Feldman* or precluded, he has not adequately pled a violation of that statute.  The Fair Housing

---

[10] As Lynch's case against Hay and Marziami was dismissed for failure to prosecute, that
dismissal does not constitute a judgment on the merits for purposes of claim preclusion.  *See
Meadow Run/Mountain Lake Park Ass'n v. Megatulski*, No. 572 MDA 2012, 2013 WL
11267090, at *4 (Pa. Super. Ct. Apr. 2, 2013) (citing cases).

Act prohibits discrimination in the provision of housing based on a person's "race, color, religion, sex, familial status, or national origin," or based on a disability. 42 U.S.C. §§ 3604-3606. The Fair Housing Act also includes a retaliation provision, which renders it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [certain provision of the Act]." *Id.* § 3617.

Lynch repeatedly invokes the Fair Housing Act, but his Complaint does not reflect that he was discriminated against due to his membership in a protected class or retaliated against because he exercised rights under that statute. Lynch alludes to the fact that he is a "Veteran on disability," (Civ. A. No. 18-2179 Compl. at 22), but his allegations do not elaborate on that disability, establish that he was discriminated against because of the disability, or show that his landlord failed to accommodate his disability. Instead, the Complaint reveals that Lynch and his upstairs neighbors simply did not get along and behaved badly toward each other, but the animosity among them and Zwicharowski's ultimate eviction of Lynch do not equate to a violation of the Fair Housing Act based on the facts pled in the Complaint.

**E.** Constitutional Claims Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, most of Lynch's § 1983 claims fail.

**1.** Conspiracy Claims

Although unclear, it appears that Lynch may be alleging that the Defendants all conspired against him to have him evicted from his home. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To state a claim for a judicial conspiracy, a complaint should allege facts concerning "the approximate time when the [conspiratorial] agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, [and] the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179.

Here, Lynch's allegations of conspiracy are vague and conclusory, and do not plausibly suggest that Hay and Marziami conspired with law enforcement, prosecutors, or judges for the purpose of evicting Lynch from his home. He fails to allege any facts supporting the existence of an agreement among the Defendants to do him harm. Accordingly, Lynch may not proceed on any conspiracy claims.

### 2. Claims Against State Courts and Court Divisions

Lynch has included among the Defendants in this action the Civil and Criminal Divisions of the First Judicial District of Pennsylvania. However, the First Judicial District and its divisions are essentially part of the Commonwealth—they are therefore entitled to Eleventh Amendment immunity from suit in federal court under § 1983 and are not considered "persons" for purposes of that provision. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that Pennsylvania's judicial districts and divisions share in the Commonwealth's immunity). Accordingly, the claims against those entities must be dismissed.

### 3.       Claims Based on Wrongful Conviction

Lynch raises numerous allegations concerning the alleged unconstitutionality of his prosecutions and conviction.  However, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).    In other words, a plaintiff cannot raise claims challenging the constitutionality the criminal proceedings leading to his convictions, if those convictions are currently intact.

Here, public dockets reflect that Lynch's convictions have not been reversed, expunged, or otherwise invalidated, so none of his claims challenging his convictions are currently cognizable under § 1983.  That includes claims challenging the constitutionality of the criminal proceedings that would necessarily imply the invalidity of those convictions, and claims that prosecutors or court reporters withheld exculpatory evidence because claims predicated on the

withholding of exculpatory evidence "necessarily yield[] evidence undermining a conviction."[11] *Skinner v. Switzer*, 562 U.S. 521, 536 (2011).

### 4.    Claims Against Prosecutors

Lynch named Assistant District Attorney Michael Luongo, former District Attorney Seth Williams, and an individual named Mathew White, who is also employed by the District Attorney's Office,[12] for their role in prosecuting and convicting him. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Accordingly, as Lynch's claims against Williams, Luongo, and White are based on their roles in initiating and prosecuting charges on behalf of the Commonwealth, the Court must dismiss the claims against those Defendants because those Defendants are entitled to absolute prosecutorial immunity. The same is true for Lynch's claims based on Luongo's request for bail. *Ismail v. Cty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017) ("[T]he district court correctly determined that all of the deputy district attorney's actions—requesting a defendant be remanded into custody, adding or dropping charges,

---

[11] That conclusion resolves all of Lynch's claims against Tiffany Monastro and T. Henry, both of whom are court reporters who were named as Defendants for allegedly withholding exculpatory evidence from Lynch, thereby leading to his wrongful conviction.

[12] White's position is not clear. The Complaint indicates that he is employed by the District Attorney's Office and that Lynch included him as a Defendant because he initiated the charges against Lynch on behalf of the Commonwealth, or at least played a role in initiating the charges.

requesting high bail—are prosecutorial decisions intimately associated with the judicial phase of the criminal process").

### 5.     Claims Against Hay, Marziami, and Zwicharowski

Lynch's § 1983 claims against Hay, Marziami, and Zwicharoski fail because the Complaint does not plausibly establish that those private actors may be considered state actors for purposes of § 1983.   In general, there are three tests used "to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alterations omitted).   "Merely giving information to police officers is insufficient to convert a private party into a state actor" even if the information is false.  *Simmer v. Kehler*, No. 15-2285 (RBK/JS), 2015 WL 6737017, at *3 (D.N.J. Nov. 2, 2015) (collecting cases); *Collins v. Christie*, No. CIV.A.06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983.").

Here, there is no plausible basis for concluding that Hay, Marziami, and Zwicharowski were acting under color of state law.  The fact that Hay and Marziami called the police or filed reports against Lynch does not transform them into state actors.  Furthermore, as noted above, Lynch's allegations are insufficient to establish a conspiracy or concerted action that could render Hay, Marziami, or Zwicharowski's conduct attributable to the State.  *See Kach*, 589 F.3d at 646 ("[W]e have explained that the principal question at stake [in determining whether a

private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotations and alteration omitted)).  Accordingly, the Court will dismiss the § 1983 claims against Hay, Marziami, and Zwicharowski.

### 6.      Claims Against the City of Philadelphia

Lynch also has not stated a § 1983 claim against the City of Philadelphia.  Municipal entities such as the City of Philadelphia may not be held liable for constitutional violations unless a municipal policy or custom caused the claimed constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  To satisfy the pleading standard, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was."  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Here, Lynch has not stated a claim against the City of Philadelphia because nothing in the Complaint suggests that the conduct complained of by Lynch stemmed from a municipal custom or policy.[13]

### 7.      Claims Against Detective Cahill and Sergeant "John Doe"

Lynch alleges that Detective Cahill falsely arrested him on charges in connection with the September 26, 2016 incident during which Lynch pepper-sprayed Hay.  (Civ. A. No. 18-2179 Compl. at 14-15.)  In that regard, Lynch alleges that Cahill failed to take all of the facts into consideration and that the Detective's affidavit in support of the arrest was incomplete.  The

---

[13] Although not sufficiently pled, it is possible that Lynch named the City as a Defendant because he is upset that officers of the Philadelphia Police Department did not investigate his complaints. However, a failure to investigate does not equate to a constitutional violation, so those allegations do no provide a basis for Lynch to proceed against the City or any other Defendant. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

Court understands Lynch to be pursuing a claim against Cahill for false arrest in violation of the Fourth Amendment. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). The Court will allow Lynch to proceed on his claim at this time.

Lynch is also pursuing claims against the unidentified Sergeant who authorized the use of a SWAT team following Hay and Marziami's complaints on November 28, 2016.[14] (Civ. A. No. 18-2179 Compl. at 17-18.) The Court understands Lynch to be pursuing an excessive force claim based on the use of a SWAT team on that occasion and will allow Lynch to proceed on his claim at this time.

**A.** State Claims

All that remains are any state law claims that Lynch intended to bring. Having reviewed the Complaint, it appears that those claims are: (1) personal injury claims against Hay for punching Lynch in the face on August 31, 2016, (*id.* at 7); (2) personal injury claims against Hay for assaulting Lynch on November 28, 2016, (*id.* at 16-17); (3) a claim against Hay and Marziami for filing a false police report on November 28, 2016 alleging that Lynch threatened them with a gun (*id.* at 17); and (4) a claim against Hay and Marziami for filing a fraudulent petition to vacate the default judgments entered against them in state court (*id.* at 24).[15] Lynch may also proceed on those claims at this time.

**I.    CONCLUSION**

---

[14] If Lynch intended to bring other claims against this individual, it is not clear what those claims are from the manner in which the Complaint is pled.

[15] Lynch's generalized allegations about assault and abuse are insufficient to state a claim. The Court has done its best to identify from the Complaint concrete incidents on which it appears Lynch intends to proceed. To the extent Lynch sought to pursue claims against Zwicharowski under state law based on Zwicharowski's filing of an eviction action and his alleged failures as a landlord, those claims are barred by claim preclusion as discussed earlier in this Memorandum.

For the foregoing reasons, the Court will remand the cases Lynch sought to remove in Civil Action Number 18-2178, and dismiss several of the claims in Civil Action Number 18-2179. However, the Court will give Lynch an opportunity to file an amended complaint as set forth in further detail in the Court's Order, which follows.

**BY THE COURT:**

**s / J.  Curtis  Joyner**
**J. CURTIS JOYNER, J.**