IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION NOS. 18-CV-2178 |
| JOHN J. LYNCH, | : | 18-CV-2179 |
|    Plaintiff. | : | |

## ORDER

AND NOW, this 27th day of June, 2018, upon consideration of Plaintiff John J. Lynch's Motions to Proceed *In Forma Pauperis*, his Prisoner Account Statements, his *pro se* Complaints, and his Motion for Appointment of Counsel in 18-2178, it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Lynch, #NF-7973, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), for Civil Action Number 18-2178. Based on the financial information provided by Lynch, an initial partial filing fee of $123.14 is assessed. The Superintendent or other appropriate official at the State Correctional Institution at Houtzdale or at any other prison at which Lynch may be incarcerated is directed to deduct $123.14 from Lynch's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-2178. In each succeeding month when the amount in Lynch's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Lynch's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-2178.

3. Lynch, #NF-7973, shall also pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), for Civil Action Number 18-2179. Based on the financial

information provided by Lynch, an initial partial filing fee of $123.14 is assessed. The Superintendent or other appropriate official at the State Correctional Institution at Houtzdale or at any other prison at which Lynch may be incarcerated is directed to deduct $123.14 from Lynch's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-2179. In each succeeding month when the amount in Lynch's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Lynch's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-2179.

4. The Clerk of Court is directed to **SEND** a copy of this order to the Superintendent of SCI-Houtzdale.

5. The Complaint and Notice of Removal in the above civil actions are **DEEMED** filed.

6. Regarding Civil Action Number 18-2178, the removed cases are all remanded to their respective courts as follows and the Clerk of Court shall **CLOSE** Civil Action Number 18-2178:

    a. *Lynch v. Hay*, Case No. 160701409, is **REMANDED** forthwith to the Philadelphia Court of Common Pleas;

    b. *Lynch v. Hay*, 1968 EDA 2017, is **REMANDED** forthwith to the Philadelphia Superior Court;

    c. *Lynch v. Zwecharowski*, Case No. 160702062, is **REMANDED** forthwith to

the Philadelphia Court of Common Pleas; and

  d. *Zwicharowski v. Lynch*, Case No. 160901047, is **REMANDED** forthwith to the Philadelphia Court of Common Pleas.

7. Lynch's Motion for Appointment of Counsel in 18-2178 is **DENIED.**

8. The Complaint in Civil Action Number 18-2179 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's Memorandum, with the exception of Lynch's Fourth Amendment claim against Detective Cahill, Lynch's Fourth Amendment claim against John Doe, and the four state law claims against Hay and Marziami identified in the Court's Memorandum. Lynch's claims that are barred by the *Rooker-Feldman* doctrine are **DISMISSED for lack of subject matter jurisdiction** and his claims that are barred by *Heck v. Humphrey* are **DISMISSED without prejudice** to reassertion in the event Lynch's convictions are reversed, vacated, or otherwise invalidated. Lynch's claims against the Civil and Criminal Divisions of the First Judicial District, his claims that are barred by claim preclusion, and his claims that are barred by prosecutorial immunity are **DISMISSED with prejudice**. All of the remaining dismissed claims are **DISMISSED without prejudice** to amendment in accordance with paragraph nine (9) of this Order.

9. Lynch is given leave to file an amended complaint in Civil Action Number 18-2179 within thirty (30) days of the date of this Order. If Lynch files an amended complaint, he must identify all of the defendants in the caption of the amended complaint. Any individual or entity that is not listed in the caption will not be treated as a defendant. If Lynch wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc. The amended complaint must clearly describe how each defendant was responsible for violating Lynch's rights by clearly stating the factual

basis for Lynch's claims against each defendant. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so **ORDERED**.

10. If Lynch fails to file an amended complaint in Civil Action Number 18-2179, the Court will direct service of Lynch's initial Complaint only on Detective Cahill, John Doe, Hay, and Marziami.

**BY THE COURT:**

s / J. Curtis Joyner
**J. CURTIS JOYNER, J.**